UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 2:21-cr-67-TPB-MRM

DONALD LEE WHITAKER,

  Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION TO SUPPRESS EVIDENCE"**

This matter is before the Court on Defendant's "Motion to Suppress Evidence and Memorandum of Law," filed on October 15, 2021.  (Doc. 36).  On November 5, 2021, the United States of America filed a response in opposition to the motion.  (Doc. 57).  On January 28, 2022, the Court held a hearing to address the motion.  (Doc. 81).  After reviewing the motion, response, evidence, testimony, court file, and the record, the Court finds as follows:

**Background**

Early in the morning on April 2, 2021, law enforcement officers executed a search warrant and conducted a search of the residence at 4048 Mohawk Place, Naples, Florida.[1]  This residence included a main house and a shed in the rear of the property; the shed was connected to the main house by a concrete sidewalk.  The converted shed did not have a separate address, unit number, mailbox, kitchen, or bathroom.  It did contain a bed, air conditioning unit, bottles of water, some furniture, and clothing, and used its own lock and key.  Defendant's girlfriend was living in the

---

[1] In February 2020, officers previously searched the main residence and found narcotics.  They did not search the shed.

shed at the time of the search, and Defendant was a regular overnight guest, including the night before the search.  During the search, officers found a purportedly fraudulent resident alien card social security card and pay stubs from a construction company.  When asked, Defendant confirmed that the wallet was his.

Defendant has moved to suppress this evidence, arguing that (1) the warrant did not describe both the main residence and the converted shed and therefore fails to describe the property to be searched with particularity; and (2) the officers exceeded the scope of the warrant by searching the converted shed.  Defendant also argues that the good faith exception to the warrant requirement does not apply here.

## Analysis

The Fourth Amendment to the United States Constitution provides that all persons have the right "to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The Supreme Court has generally interpreted this to mean that a search must be based on probable cause and must be executed pursuant to a warrant.  *Katz v. United States*, 389 U.S. 347, 356-57 (1967).  While some circumstances may allow searches and seizures without a warrant, the Fourth Amendment favors the use of warrants.  *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (noting "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant").  To be valid, a warrant must be issued by a neutral and detached magistrate, be supported by probable cause based on oath or affirmation, and it must particularly describe the place to be searched and the things to be seized.  *Dalia v. United States*, 441 U.S. 238, 255 (1979).

The Court first considers whether Defendant has standing to contest the search of the converted shed. *See Rakas v. Illinois*, 439 U.S. 128, 134 (1978); *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000). "Fourth Amendment rights . . . are personal, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search." *Id*. An overnight guest "has a legitimate expectation of privacy in his host's home." *Minnesota v. Olson*, 495 U.S. 91, 99 (1990). Defendant was a regular overnight guest of the occupant of the converted shed and was staying overnight when the search warrant was executed. He has standing to challenge that search.

Defendant argues that because the search warrant failed to describe both the main residence and the converted shed, it lacked a particularized description of the property to be seized. "An officer must be able to ascertain the place the warrant commands him to search with reasonable effort." *U.S. v. Schwinn*, 376 F. App'x. 936, 980 (11th Cir. 2010) (quoting *Steele v. U.S.*, 267 U.S. 498, 503). After careful review of the warrant, the Court finds that the warrant describes the place to be searched with sufficient particularity for an officer to reasonably identify the place to be searched.

Defendant next argues that the officers exceeded the scope of the search warrant because the converted shed was outside of the main residence's curtilage. These facts present a close call, but it is not necessary for the Court to make this determination due to the good faith exception. Even if the officers exceeded the scope of the warrant, the seized evidence would still be admitted if the officers reasonably relied in objective good faith on a subsequently invalidated warrant that was issued by a detached and neutral magistrate. *See, e.g., United States v. Leon*, 468 U.S. 897, 914-

26 (1984); *United States v. Sutton*, No. 8:04-cr-325-T-17TBM, 2007 WL 705044, at *5 (M.D. Fla. Mar. 2, 2007) (citing *Leon*).  In this case, a state court judge authorized a search warrant, which law enforcement officers relied upon in good faith.  Although there was some indication that the converted shed was being used as a separate living unit, the Court concludes that it was reasonable for the officers at the time of the search to believe the shed was part of the main residence and covered by the search warrant.  Under the good faith exception, which is applicable here, the evidence should not be excluded.

Accordingly, Defendant's "Motion to Suppress Evidence and Memorandum of Law" (Doc. 36) is hereby **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 18th day of February, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**